IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP V. LIGGINS,

      Petitioner,                       No. CIV S-09-1777 GEB EFB P

    vs.

MIKE MCDONALD,

      Respondent.                     FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He proceeds on his June 26, 2009 petition, wherein he raises the following grounds for relief: (1) his trial counsel rendered ineffective assistance when he advised petitioner not to accept a plea offer of ten years in prison, based on the mistaken belief he would prevail on a motion to suppress; (2) he was subject to an unreasonable search and seizure, in violation of the Fourth Amendment; (3) his appellate counsel rendered ineffective assistance; and (4) his constitutional rights were violated by the prosecutor's improper use of peremptory challenges to exclude two African Americans from the jury.

      On January 3, 2011, petitioner filed a motion "for Stay and Abeyance of Pending Habeas Corpus Proceeding." Dckt. No. 17. Therein, petitioner requested that the court stay this action while he returns to the state courts to exhaust a claim that his trial counsel rendered ineffective

1

assistance "based on deficient representation in litigating [a] Fourth Amendment motion to suppress." *Id.* at 2. Petitioner stated that this claim was not previously raised in the California courts because the claim "was misunderstood by a jailhouse lawyer who had assisted petitioner in the past." *Id.*

On May 31, 2011, petitioner filed a motion "for Leave to Bring First Amended Petition with Now Already Exhausted Claims," as well as a proposed First Amended Petition. Dckt. Nos. 18, 19. Petitioner claims he has now exhausted the following two claims: (1) that trial counsel provided deficient performance at trial in that he failed to ask appropriate questions of the arresting officer and failed to cite appropriate legal precedent during the hearing on the motion to suppress; and (2) that appellate counsel provided deficient performance in that counsel failed to raise the above issue on appeal. Dckt. No. 19 at 9-15.

Because respondent has already filed a responsive pleading, *see* Dckt. No. 13, petitioner may amend his petition only with respondent's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2); Rule 12, Rules Governing Section 2254 Cases. Respondent opposes petitioner's motion to amend. Dckt. No. 20. However, the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, petitioner's proposed amendments are futile because the claims he seeks to add are barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs review of this case, imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). This one year limitations period

continued to run while the original petition, filed June 26, 2009, was pending in this court. *Duncan v. Walker*, 533 U.S. 167, 172 (2001). Petitioner did not attempt to exhaust his two new claims until approximately eighteen months after he commenced this action. *See* Dckt. No. 17 (January 3, 2011 Motion to Stay). Therefore, the statute of limitations has expired on those claims.

Amendments made after the statute of limitations has run can relate back to the date of the original pleading where the amendments arise out of the same "conduct, transaction or occurrence." Fed. R. Civ. P. 15(c)(1)(B). However, in a habeas action, a new claim does not "relate back" to the filing of an exhausted petition simply because it arises from "the same trial, conviction, or sentence." *Mayle v. Felix*, 545 U.S. 644, 662-64 (2005). Rather, a petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period, but only if the new claim shares a "common core of operative facts" with the claims in the pending petition and is the same in both "time and type" from those set forth in the original pleading. *Id.* at 659.

Here, the proposed additional claims do not relate back to the claims contained in the pending petition. The proposed additional claims concern trial counsel's performance in litigating a motion to suppress and appellate counsel's failure to raise that issue on appeal. These claims do not share a common core of operative facts with the claims raised in the pending petition. The proposed new claims are governed by the Sixth Amendment, and require factual determinations regarding counsel's performance in litigating a motion to suppress. The claim raised in the pending petition regarding the motion to suppress is based on the trial court's admission of the challenged evidence, not on trial counsel's actions during the hearing on the motion to suppress. Additionally, analysis of the ineffective assistance of counsel claims raised in the pending petition will turn on whether trial counsel accurately advised petitioner of the terms of the plea offer and petitioner's possible sentence were he to be convicted after a trial. *See McMann v. Richardson*, 397 U.S. 759, 771 (1970). Petitioner's proposed additional claims

are not based on those "same core facts." *Mayle*, 545 U.S. at 657. Because the proposed additional claims are based on different facts than the claims in the pending petition, they do not relate back. *See Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000) (newly offered claims of ineffective assistance of counsel did not relate back to timely-filed claims of ineffective assistance of counsel because they were raised on different sets of facts); *United States v. Duffus*, 174 F.3d 333, 337-38 (3d Cir. 1999) (claim of ineffective assistance of counsel for failing to move to suppress evidence did not relate back to claim of ineffective assistance of counsel for failing to contend on appeal that evidence was insufficient to support conviction).

Because petitioner's proposed new claims are untimely and do not relate back to the claims contained in the pending habeas petition, petitioner's proposed amendments are futile.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's January 3, 2011 motion for stay and abeyance be denied as moot and petitioner's May 31, 2011 motion to amend be denied as futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE