IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP V. LIGGINS,  )
            Petitioner,  )   2:09-cv-01777-GEB-EFB
                         )
      v.  )   ORDER DENYING PETITIONER'S
                         )   REQUEST FOR RECONSIDERATION
P.D. BRAZELTON,  )
            Respondent.  )
_____)

        On December 13, 2012, Petitioner filed a "Request for Reconsideration of this Court's November 28[,] 2012 Order Denying Habeas Corpus Relief," in which he requests "this court . . . recind [sic] its order at issue, and grant habeas corpus relief." (Pet'r's Req. for Recons. 1:23-24, ECF No. 43.) In essence, Petitioner argues the Court "inadvertently overlooked" points of law applicable to his Batson/Wheeler claims, in denying habeas corpus relief. (Id. at 3:3-4.)

        Respondent opposes Petitioner's request, arguing it "attacks this Court's ruling on the merits[, and a]s such it should be considered a second or successive [habeas] petition and be dismissed." (Resp't's Opp'n 3:14-15, ECF No. 44.) Respondent further argues: "[t]o the extent that Petitioner's [request] is not considered a second or successive petition, Respondent submits that it must be denied." (Id. at 3:16-17.) Respondent argues:

> Although Petitioner makes a general argument that this Court overlooked applicable law, he does nothing to specifically address this Court's order. The order itself clearly shows that the District

> Judge rejected the Magistrate Judge's findings and recommendation as to the Batson claim after conducting a de novo review of the case and carefully reviewing the entire file. The fact that Petitioner disagrees with the District Judge's decision is not a ground for relief . . . .

(Id. at 3:17-22 (internal citation omitted).)

Whether and/or when a Rule 59(e) motion for reconsideration may constitute a second or successive habeas corpus application under 28 U.S.C. § 2244 need not be decided since Petitioner has not made an adequate showing on the merits of his request for reconsideration.

Since Petitioner's request for reconsideration was made within twenty-eight days of entry of judgment, it "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure [("Rule")] 59(e)[,]" rather than a "motion for relief from a judgment or order" under Rule 60(b). Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (applying Rule 59(e)'s ten day deadline before its 2009 amendment to twenty-eight days) (citation omitted).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). However, "amending a judgment after its entry [is] an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted). Further, "[a] reconsideration motion is properly denied where it merely presents arguments previously raised . . . ." Lopes v. Vieria, No. 1:06-cv-01243 OWW SMS, 2011 WL 3568600, at *2 (E.D. Cal. Aug. 12,

2011) (citing Blacklund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985)).

Plaintiff has not made an adequate showing under any of the four basic grounds for reconsideration referenced above; rather, he "simply repeats arguments raised" raised in his Petition and Traverse (ECF Nos. 1, 15). Id. For the stated reasons, Plaintiff's request for reconsideration is DENIED.

Dated: March 11, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge